CV-25-00125-TUC-RCC--MSA



UNITED STATES DISTRICT COURT
FOR THE STATE OF ARIZONA

PETER VICTOR AYIKA,  )
Petitioner-Pharmacist,  )
　)
v.  )  28 U.S.C. § 2241 MOTION
　)
UNITED STATES OF AMERICA,  )
Respondent.  )

WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

Petitioner-Pharmacist, PETER VICTOR AYIKA, proceeding pro se upon his own behalf citing <u>Haines v. Kerner</u>, 404 U.S. 519, 30 L.Ed 2d 652 (1972) files this application of writ of habeas corpus under 28 U.S.C. § 2241 pursuant to Supreme Court decision in <u>Ruan v. United States</u>, 142 S.Ct 2370, 213 L.Ed 706 (2022)("RUAN") seeking to vacate his conviction because Petitioner-Pharmacist may have been convicted of non-existent offense and is actually innocent of the charges alleged against him in the indictment.

In order to invoke the saving clause under 28 U.S.C. § 2241 Petitioner-Pharmacist must show that his claim is based on: (1) a retroactively applicable Supreme Court decision, (2) that was foreclosed by circuit law at time when the claim should have been raised in the Petitioner's trial, appeal or first § 2241 motion, and (3) the application of this case shows that Petitioner-Pharmacist may have been convicted of a non-existent offense, and was actually innocent of the offense for which Petitioner-Pharmacist was convicted.

COURT JURISDICTION

Petitioner-Pharmacist, PETER VICTOR AYIKA, is a resident of El Paso in El Paso County of Texas, and owned and operated Continental Pharmacy located in Recon Circle Medical Center building in El Paso, Texas. The Remcon Circle Medical Center building also housed a Physician Health Care Clinic that has over a dozen board certified and registered medical physician and doctors. The said Continental Pharmacy has been in operation since 2002 in El Paso, Texas. And the crime as alleged took place in El Paso, Texas which is under the Western District Court of Texas jurisdiction. However, Petitioner-Pharmacist is currently incarcerated in the Federal correctional Institution that is located in Safford, Arizona (Safford Federal Correction Institution Facility). Therefore, under this Circumstance, for the purpose of Writ of Habeas Corpus under 28 U.S.C. § 2241, the proper venue to bring forth his 28 U.S.C. § 2241 motion is in the United States District Court Tucson, Arizona pursuant to 28 U.S.C. § 1391(b)(c). Henceforth, this court has jurisdiction to entertain Peititioner-Pharmacist motion arising under 28 U.S.C. § 2241.

BACKGROUND:

Procedural History:

PETER VICTOR AYIKA, a Pharmacist, owned and operated the Continental Pharmacy

located in El Paso, Texas. The Pharmacist and the Pharmacy were properly licensed and registered with DEA and pharmacy Board of Pharmacy during the relevant time period of the indictment, henceforth were lawfully authorized to possess and distribute a controlled substance and listed chemical such as pseudoephedrine in the usual course of the professional practice.

On April 2022, a grand jury sitting in the Western District Court of Texas return a two-count second superseding indictment charging Petitioner with: (count one): possessing with intent to distribute hydrocodone, a controlled substance outside the scope of professional practice and not for legitimate medical purpose in violation of 21 U.S.C. § 841(a)(1), which stemmed from the sale of hydrocodone without prescription; and (count two): possession and distributing pseudoepedrine, a regulated non-prescription decongestant over-the-counter medication in violation of 21 U.S.C. § 841(c)2) which stemmed from the sale of pseudoephedrine.

The Petitioner-Pharmacist pleaded not guilty and proceeded to trial.

On October 19, 2011, the trial was commenced.

At the trial, the jury instruction did not properly instruct the jury regarding the mens rea requirements of controlled substance Act for distributing controlled substances     as authorized; instead the district Court instructed the jury with the good faith defense that required the jury to determine whether Petiotioner-Pharmacist acted in an honest effort in accordance with generally recognized and accepted standard of practice. The Petitioner-Pharmacist objected the instruction and requested instruction that would convict if it found Petitioner-Pharmacist knowingly distribute or dispense a controlled substance and listed chemical (pseudoephedrine) without authorization. The district court rejected this instruction. The jury convicted Petitioner-Pharmacistof the two charges under 21 U.C.S. §841(a)(1) and 21 U.C.S. § 841(c)(2) and was sentenced to 60 months imprisonment as to count

one and 170 months imprisonment as to count two.

On November 2011, Petitioner-Pharmacist, pro se filed Notice of appeal to vacate his conviction. However, the Notice of appeal was filed 12 days after the guilty verdict, henceforth was untimely filed.

On April 4, 2012, the Fifth Circuit Court of Apeeals dismissed Petitioner's appeal for lack of jurisdiction to entertained the appeal obviously because the notice appeal was untimely filed.

On May 2016, Petitioner-Pharmacist filed his § 2255 motion and on May 24, 2016 the district court denied the § 2255 motion.

On June 27, 2022, the Supreme Court handed down its decision in Ruan v. United States, 142 S.Ct 2370, 213 L.Ed 706 (2022)("Ruan"). The Supreme Court held that mens rea requirement of 21 U.S.C. 841 offense applies to the "as authorized" language of the statute meaning that a conviction under § 841 offense requires that the Government prove defendant know or intended that he was unauthorized.

With regard to the jury instruction, Ruan Court held that the jury instruction failed to adequately convey the proper scienter mens rea of lack of authorization required to convict under § 841 where the instruction did not make it clear that the mens rea requirement of § 841 applied to "as authorized language of the statute. Ruan Court held that the proper jury instruction is whether the defendant knowingly and intentionally acted without authorization meaning that Government must prove knowledge of lack of authorization.

Therefore, Petitioner-Pharmacist brings this claim under the saving clause of 28 U.S.C § 2241 pursuant the Supreme Court decision in Ruan which is a case of statutory interpretation and retroactively applicable to cases on collateral review which was foreclosed by circuit precedent at the time when the claim should have been raised in the trial, appeal or the first § 2255 motion. Cabello v. United States, 2022 U.S. App. lexis 19378 (5th Cir. 2022) citing

-4-

Reyes-Requena v. United States, 243 F.3d 893,904 (5th Cir 2001); and if apply to this case, shall establish that Petitioner-Pharmacist may have been convicted of a non-existent offense and actually innocent on all counts of conviction entittling to relief; and further establish that the jury instruction inadequately convey the scienter mens rea requirement of § 841 to authorize conviction under § 841. The core idea is that Petitioner-Pharmacist may have been imprisoned for conduct which was not prohibited by law. Christopher v. Miles, 342 F.3d 378, 381(5th Cir. 2003). Under this circumstance, Petitioner-Pharmacist asserts actual innocense and as a matter of law to capture the idea that the incarceration of one whose conduct is not criminal inherently result in complete miscarriage of justice. Davis v. United States, U.S. 333, 346 (1974).

DISCUSSION:

Petitioner-Pharmacist was convicted for violating 21 U.S.C. § 841 which makes it a federal crime except as authorized. The conviction complained of stemmed from the two-count second superseding indictment that alleged:

Count one, Charged Petitioner-Pharmacist with possession with intent to distribute hydrocodone by Practitioner not for legitimate medical purpose and outside the scope of proffessional practice in violation of 21 U.S.C. §841(a)(1)

Count two: charged petitioner-Pharmacist with possession and distributing pseudoephedrine with knowledge or reason to know that it would be used to manufacture methamphetamine in violation of 21 U.S.C § 841(c)(2).

The Statute 21 U.S.C.§ 841 under which Petitioner-Pharmacist was convicted provides in pertinent part as follows:

21 U.S.C. § 841(a)(1) provides: EXCEPT AS AUTHORIZED by this Title, it shall be unlawful for any person knowingly or intentionally to manufacture, distribute or dispense a controlled substance.

21 U.S.C. § 841(c)(2) provides: It shall be unlawwful for any person knowingly or intentionally to possess or distrubute a listed chemical or having a reasonable cause to believe that the listed chemical will be used to manufacture a controlled substance EXCEPT AS AUTHORIZED by this title.

The federal controlled substance Act makes a crime for any one to knowingly or intentionally dispense or distribute an hydrocodone, a controlled substance and listed chemical, pseudoephedrine with knowledge or reason to know that it would be used to manufacture a controlled substance EXCEPT such a person is properly authorized to possess and distribute such substances in the usual course of professional activity.

The Controlled Substance Act authorizes registered practitioners such as Pharmacists to possess and dispense controlled substance in the usual course of proffessional practice. The authorized exception is contained in § 822(b) which specifies that persons registered by the Attorney General under this chapter to ..,dispense controlled substance are... authorized to possess or dispense such substances to the extent authorized by their registration. However, Petitioner-Pharmacist was convicted under 21 U.S.C § 841 not as authorized. But Petitioner-pharmacist was licensed and registered with DEA and Texas Board of Pharmacy within the relevant time period of the indictment to dispense and distribute controlled substance and listed chemicals pseudoephedrine in the usual course of professional practice. Henceforth, Pretitioner-Pharmacist

was a practitioner, a pharmacist and a registered person authorized under the Controlled Substance Act to lawfully possess, dispense, distribute and otherwise sell hydrocodone, a controlled substance and listed chemical pseudoephedrine( a regulated non-prescription decongestant over-the-counter medication) in the usual course of professional activity. Henceforth, Petitioner-Pharmacist did not violate 21 U.S.C § 841 statute makes it a crime for knowingly or intentionally dispense controlled substance unless authorized by the Controlled Substance Act.

At issue is the mens rea required to convict under § 841 for distributing controlled substance not as authorized. Here applying the Supreme Court decision in <u>Ruan</u>, the 21 U.S.C. § 841 contains a general scienter provision knowingly and intentionally. The scienter §841 knowingly and intentionally mens rea apply to the except as authorize of the statute. The Supreme Court in <u>Ruan v. United States, 142 S.Ct 2370, 213 L.Ed 706 (2022)("Ruan") held that general scienter provision knowingly and intentionally mens rea apply to the</u> EXCEPT AS AUTHORIZED clause of the statute. The <u>Ruan</u> Court further held that mens rea requirementof 21 U.S.C. § 841 applies the as authorized language meaning that conviction under 21 U.S.C. § 841 requires Government to prove the defendant was not authorized.

Accordingly, <u>Ruan</u> Court held that to convict a Practitioner of unlawfully dispensing controlled substance, it was not enough for Government to prove that Practitioner acted outside the usual course of general recognized professional practice, instead the government had to prove that practitioner knowingly and intentionally acted in unauthorized manner, id @ 457,467 Therefore, to convict Practitioner-Pharmacist, the government has to prove lack of authorization beyond a reasonable doubt, id <u>Ruan</u>. After all, it is the fact that Petitioner-Pharmacist dispense in an authorized manner that render his

-7-

conduct unlawful under 21 U.S.C. § 841. Therefore, authorization, the Court held, plays a crucial role in separating innocent from wrongful act. id.

At trial, the jury instruction failed to inform the jury of the proper mens rea under Ruan. Therefore, jury instruction issued by the district court improperly instruct the jury regarding the men rea requirement of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(c)(2). The mens rea requirement was not properly articulated during the jury charge phase which led to improper conviction. The Supreme Court in Ruan held the § 841 knowingly and intentionally mens rea applies to "except as authorized". To convict Petitioner-Pharmacist, the Government must prove beyound a reasonable doubt that defendant knowingly or intentionally acted in an unauthorized manner meaning that once defendant meets the burden of producing evidence that he was authorized, the Government must prove beyond a reasonable doubt that defendant Pharmacist was not authorized to dispense and dispute controlled substance and listed chemical (pseudoephedrine) in the course of professional practice. Consequently, it is the fact that the Pharmacist was not authorized that render his conduct wrongful. Invariably, Petitioner-Pharmacist was properly licensed and registered during the relevant time period, henceforth authorized to dispense and distribute controlled substance and listed chemical (pseudophedrine), and therefore, render the conviction invalid.

21 U.S.C. § 841 provides in part: EXCEPT AS AUTHORIZED it shall be unlawful knowingly or intentionally dispense or distribute a controlled substance. An exception to the statute contained in 21 U.S.C. § 822(b) authorizes practitioners to dispense and distribute controlled substance. U.S.C § 822(b) provides that persons registered by the Attorney General to dispense or distribute

controlled substance and listed chemical are authorized to possess and distribute such substance to the extent authorized by their registration. Therefore, registration with attorney General is required for a practitioner to be eligible to the pracititioner's exception to the illegal distribution of controlled substance. The indictment alleged that Practitioner-Pharmacist dispence a controlled substance not for legitimate medical purpose and outside the course of professional practice. It is of the practitioner-pharmacist contention that the indictment did not charge an essential element of the offense, i.e. lack of authorization. The failure of an indictment to detail each element of the charge offense generally constitute a fatal defect. see United States v. Huff, 512 F.2d 66 (5th Cir. 1975). It is of paramount importance to the rights of the accused that the indictment contained an adequate recitation of each component of the crime that Government must established. While Court should read indictment in a common sense manner, a failure to charge every essential element of the crime is by no means a mere technicality, United States v. Deal, 587 F.2d 956(9th Cir. 1978). Government had to prove beyond a reasonable doubt the nonapplicability of practitioner's exception, i.e. lack of authorization. It is not more likely than not that practitioner registered to dispense controlled substance and listed chemical do so illigitimately and is guilty of a criminal act. United States v. Black, 512 F.2d 864(9th Cir. 1975. In BLACK, the court noted that the statutory scheme of § 841 involves a general prohibition with exception, which means it does not proscribe all distribution of controlled substance but only those which are not unauthorized, non-excepted distribution and vacated Black's conviction because he was licennsed, registered and permitted to dispense and distribute controlled substance in the course of his medical practice.

The exception is found in 21 U.S.C. § 822(b) which states that persons registered by Attorney General under this chapter to dispense and distribute controlled substance are authorized to dispense such substances to the extent authorized by their registration, id Black. To dispense of course, Black must be duly licensed, registered or otherwise permitted by the United States to dispense and distribute a controlled substance in the course of profession practice. Stated in terms of the exception involved here, the offense described by 21 U.S.C. § 841 is distribution not authorized by § 822(b) because the defendant was not registered to distribute or dispense controlled substance in the usual course of professional practice.

21 U.S.C. § 885(a) merely relieves the Government of the necessity of proving one of the elements of the crime as defined i.e. lack of authorization in the subchapter and places the burden on an accused of going forward with evidence respecting a potential exemption.

Thus, § 885(a)(1) effectively creates a presumption dictating that any transfer of a controlled substance is unauthorized and consequently criminal unless the accused introduces some evidence that the transfer is lawful under the § 841 statute which precisely operates like a statutory presumption dealt in Tot v. United States, 319 U.S. 463 (1943) which authorizes a finding of guilt in the absence of proof of one of the elements of the crime defined as here non-exception upon proof of other elements of the crime as here knowing transfer of a controlled substance. Thus, the Tot Court in further clarifying the validity and permissible manner of application of the statutory presumption of non-exception created by § 885(a)(1) noted that:
"a statutory presumption cannot be sustained if there be no rational connection between the fact proved and the ultimate fact presumed, if the inference of the one from proof of the other is arbitrary because of lack of connection between the

two in common experience". 319 U.S. at 467. The Tot Court however held that where there is a rational connection between the fact proved and the fact presumed or inferred, it's permissible to shift the burden of going forward to the accused. The upshot of Tot is that a criminal statutory presumption must be regarded as irrational or arbitrary and hence unconstitutional unless it can at least be said with substanstial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend. In addition, the Court held that once sufficient facts have been shown to render the statutory presumption of guilt irrational as applied to those particular facts, the presumption may not then be used to justify imposition of a further burden of production or to deprive the accused of a factual determination upon the disputed issue- the Government must then prove its case. Whatever the validity of the presumption of non-exception on a record showing only a tranfer of controlled substance and deviod of any fact bearing on the issue of exception, the due process clearly demand a determination of one element of the crime, i.e. non-exception or lack of authorization. id Black, supra. The Black Court thus renders the application of § 855(a)(1) irrational where Black was a practitioner that duly registered with the Attorney General to dispense controlled substance and was subsequently presumed to do so illegitimately in non-authorized manner. The Black Court held that due process preclude such conviction except upon proof beyound reasonable doubt lack of authorization element of the § 841 crime. The balck Court held that registered practitioner who dispense controlled substance cannot be presumed to so unlawfully. Therefore, applying Ruan and Black precedent in this instant case, the conviction must be vacated and the indictment dismissed where in which is shown without more that Practitioner-Pharmacist duly registered with Attorney General to dispense controlled substance and listed chemical (pseudoephedrine), otherwise authorized, was charged with unlawfully dispencing  and distrbuting such substances

-11-

unlawfully. The presumption is quite irrational and hence unconstitutional because it can be said with substantial assurance that the presumed fact (of non-authorization is more likely than not to flow from the proved fact (of distribution by practitioner) on which it is made to depend. Leary v. United, 395 U.S. 6, 89 S.ct 1532, 1548 (1969). Because Petitioner-Pharmacist was properly licensed and registered, the Government has the burden to prove beyond a reasonable doubt that Practitioner-Pharmacist lacked authorization to dispense controlled substance and listed chemical (pseudoephedrine) within the relevant time period of the indictment.

At trial, the district court provided the jury with good faith instruction. In light of Ruan, the Supreme Court states that good faith instruction is problematic and impermisible. Ruan, 142 S.Ct @ 2381. See also United States v. Kahn, 58 F. 4th 1308(10th Cir. 2023). The Supreme Court held that Section 841 does not used the word such as "good faith" objection or honest effort, and therefore, district court cannot insert them into the jury instruction. id. Ruan, supra. The question to be posed to the jury, the Court held, is whether defendant was unauthorized to dispense and distribute controlled substance and listed chemical(pseudoephedrine). Again, the Government must prove knowledge of a lack of authorization and that Government must prove beyond reasonable doudt that defendant-pharmacist was not authorized. Henceforth, the instruction given at trial did not correctly state the mens rea requirement of § 841 as articulated in Ruan. For a controlled substance conviction, 21 U.S.C. §841's knowingly or intentionally mens rea apply to authorization. So, once a defendant meets the burden of producing evidence that he was authorized, the Government must prove beyond a reasonable doubt that defendant was unauthorized. Because the issue of Petitioner-Pharmacist intent was contested during the

trial and because the government did not establish beyond a reasonable doubt that jury determined that Petitioner-Pharmacist knowingly and intentionally acted without authorization, the instructions were not harmless error. See Kahn v. United States, 58 F.4th 1308(10th Cir. 2023). Because Petitioner was properly authorized under the Controlled Substance Act during the relevant time period on the indictment, and because the mens rea requirement was not articulated during the jury charge phase at trial; henceforth, the jury instructions failed to inform the jury of the proper mens rea under Ruan. The Petitioner-Pharmacist conviction then is invalid. Therefore, Petitioner conviction relating to the violation of 21 U.S.C § 841(a)(1) and § 841(c)(2) for unlawful dispensing and distributing constrolled substance (hydrocodone) and listed chemical (pseudoephedrine) must be vacated because Petitioner was properly registered and authorized to dispense and distribute hydrocodone and pseudoephedrine, and therefore, did not violate the statute or committed the offense charged. In addition, the jury instruction relelating to these § 841's mens rea elements were erronous in light of the principles Ruan announced and the instructional errors were not harmless. Because if not for the erronous instruction, Petitioner-Pharmacist conviction should have been invalidated. Therefore, Petitioner-Pharmacist urges this honorable Court to vacate the conviction relating to these charges in the interest of justice.

WHOLLY apart from nonapplicability of the § 841 statutory exception in this case, there is another reason why Petitioner-Pharmacist is entitled to reversal. Alternatively, the conviction must be vacated where evidence was insufficient at trial that Petitioner-Pharmacist dispense and distribute hydrocodone, a controlled substance without legitimate medical purpose and outside the usual course of professional practice. Based on the elements prongs

in the indictment, Petitioner-Pharmacist must have been convicted of non-existent offense and actually innocent of the offense charged and in support of this shows the following:

The "legitimate medical purpose" prong in the indictment connotes the violating of a Regulatory statute under 21 C.F.R. § 1306.04(a). For sure, there are two circumstances under which anyone could be charged and convicted under § 841. One of the circumstances is based upon lack of statutory authorization of §841 which said authorization is accorded under § 822(b) defining the scope of authorization under the Controlled Subsatance Act. Under the § 822(b), possession of a valid DEA registration authorizes one to possess with intent to dispense and distribute controlled substance. The other circumstance is based upon lack of regulatory authorization under 21 C.F.R. § 306.04(b) which accords dispensing authority pursuant to prescription utility by medical practitioners such as doctors and physicians so long as the prescription is issued for a legitimitate medical purpose in the usual course of professional. 21 C.F.R. 1306.04(a) provides that a prescription issued by medical practition such as doctor or physician authorizes such doctor or physician to dispense controlled substance only if the prescription is issued for legitimate medical purpose in the usual course of professional course. See <u>United States v. Bauer</u> 82 F.4th 522, 528 (6th Cir. 2023)(noting that registered doctors are among those authorized to prescribe controlled substance but only when the doctor issued the prescription for legitimate medical purpose acting in the usual course of professional practice(quoting 21 C.F.R. § 1306.04(a)). Thus, the "legitimate medical purpose" prong and "in the usual course of professional practice" prong are mens rea of the regulatory authority under 21 C.F.R. §1306 A prescription issued without a legitimate medical purpose lacks authorization to dispense and distribute controlled substance, henceforth, violates § 841; id

-14-

Ruan, id @ 454 (notingthat "as provided by regulation, a prescription is only authorized when doctors issue it for a legitimate medical purpose acting in the usual course of his professional practice)(quoting 21 C.F.R. 1306.04(a). See also id. Ruan, at 467 (citing 21 C.F.R. 1306.04(a) as "the regulation defining the scope of a doctor's prescribing authority) See Ruan id at 455 (noting that a prescription is authorized and therefore lawful if it satisfies § 1306.04(a). see Ruan, 597 U.S. at 467 (2022)(Here the Government is correct that Supreme Court has acknowledged that the scope of a doctor's prescribing authority remains tethered to criteria such as legitimate medical purpose and in the usual course of professional practice. See United States v. Ruan, 56 F. 4th 1291, 1296)(11th Cir. 2023)(percuriam)("The relevant drug in this case are only authorized to be dispensed pursuant to a prescription, and an effective prescription must be made for a legitimate medical purpose by an individual medical practitioner acting in the usual course of his professional practice)(quoting 21 C.F.R. 1306.04(a). Thus, 21 C.F.R.§1306.04(a) provides that a prescription is authorized and therefore outside the 21 U.S.C § 841 prohibition if it is issued for a legitimate medical purpose by an individual medical practitioner(doctor or physician) acting in the usual course of his professional practice. Therefore, the regulatory authorization under 21 C.F.R. § 1306.04(a) defines solely on whether a prescription serves a legitimate medical purpose. By contrast, a prescription is unauthorized if the prescription lacks a legitimate a legitimate medical purpose or is issued outside the usual course of professional practice. In other words, knowingly issuing a prescription without a legitimate medical purpose or issuing a prescription outside the usual course of professional practice is sufficient condition to indict, prosecute and convict a medical practitioner (such as doctors and physicians) for unlawfully dispensing and distributing controlled

substance. Based on this foregoing supra, and turning an attention to the language of the indictment in this case. It alleged: PETER VICTOR AYIKA knowingly and intentionally distribute hydrocodone, a controlled substance by a Practitioner without legitimate medical purpose and outside the usual course of professional practice. Petitioner might have been a practitioner but he is not a medical practitioner (such as a doctor or a physician) that might issue prescriptions in the usual course of professional practice. See <u>United States v. Bauer</u>, 82 F. 4th 522, 528(6th Cir. 2023)(noting that registered doctors are among those authorized to prescribe controlled substance but only when doctors issue prescription for a legitimate medical purpose). Petitioner is a Pharmacist-Practitioner but not a doctor-practitioner or physician-practitioner ( a noteworthy distinction), and therefore, could not issue prescription by law, but may fill a prescription issued by a medical practitioner. Therefore, an indictment that charged a pharmacist practitioner with dispensing and distributing controlled substance without legitimate medical purpose and outside the course of professional practice is misplaced because Pharmacist-practitioner could not issue prescription in the usual course of professional practice. That nothwithstanding, there was no written prescription ever introduced at trial nor was there ever any named doctor or physician accomplice was implicated in the indictment or at trial to support the allegation in the indictment. In contrary, a pharmacist-practitioner could be charged and convicted under the "without legitimate medical purpose" prong if he knowingly fills prescriptions of a medical practictioner issued without legitimate medical purpose and outside the usual course of medical professional practice. See <u>United States v. Hayes</u>, 595 F.2d 258(5th Cir. 1979)( conviction of a pharmacist for conspiracy to distribute controlled substance under prescriptions he knew were not issued for a legitimate medical purpose and not in the usual

course of professional practice. See <u>United States v. Collier</u>, 478 F.2d 268( 5th Cir. 1978)(a doctor convicted for prescription issued without legitimate medical purpose and outside the usual course of professional medical practice). Because there was no evidence whatsoever circumstantial or direct evidence of factual statement in the indictment and at trial of dispensing and distributin controlled substance without legitimate medical purpose and outside usual course of professional medical practice, and Practioner-Pharmacist at the end of closed closed argument at trial moved for acquital because of evidence insufficiency, the Government was required to prove beyond a reasonable doubt that Petitioner-Pharmacisteither knew that the prescriptions were not issued for legitimate medical purpose or issued in the usual course of professional medical practice. <u>United States v. Kahn</u>, 58 F.4th 1308(10th Cir. 2023). Where the Government could not carry out the burden of prove to introduce evidence of illigitimate prescriptions or the accomplice doctor or physician much less showing evidence that the prescriptions were issued without legitimate medical purpose, it would be more likely than not that the Government prove beyond a reasonable doubt that prescriptions issued were without legitimate medical purpose and outside usual course of professional medical practice, henceforth, were unauthorized. Above all, Petitioner-Pharmacist is absolutely convinced that he has been charged and convicted for non-existent offense and is absolutely innocent of the charged offense in the indictment and therefore, prays that this honorable Court vacate the conviction and dismiss the indictment.

**CONCLUSION:**

Petitioner-Pharmacist was properly licensed and registered with DEA and Texas Board of PHarmacy, and therefore, properly authorized to dispense and distribute controlled substance (hydrocodone) and a listed chemical

Case 4:25-cv-00125-RCC--MSA   Document 5   Filed 03/24/25   Page 18 of 19

(pseudoephedrine) during relevant time period of the indictment.

Petitioner-Pharmacist was charged under 21 U.S.C § 841 with dispensing and distributing hydrocodone, a controlled substance, without legitimate medical purpose and outside the usual course of professional practice and distributing a listed chemical (pseudoephedrine).

Petitioner-Pharmacist was convicted under § 841, which as relevant here, makes it a crime to knowingly or intentionally dispense and distribute controlled substance and listed chemical (pseudoephedrine) except as authorized.

The supreme Court in Ruan held that § 841 mens rea knowingly and intentionally apply to the except as authorized clause of the statute, 142 S. Ct at 2832. Accordingly, the Government must prove the defendant was not authorized to dispense and distribute controlled substance and a listed chemical.

Where it is more likely than not that Goverment would establish Petitioner-Pharmacist was not authorized, i.e. lack authorization, to dispense and distribute controlled substance and listed chemical, the conviction must be vacated and indictment dismissed.

Furthermore, where there was no sufficient evidence to establish and support that Petitioner-Pharmacist distributed prescriptions without a legitimate medical purpose and outside the usual course of professional medical practice charged in the indictment, Petitioner-Pharmacist is quite convinced that he has been charged and convicted of non-existent offense and actually innocent of the offenses charged in the indictment, henceforth, urge this Honorable Court to vacate the conviction and dismiss the indictment.

SWORN, SUBSCRIBED AND SUBMITTED ON THIIS------DAY OF FEBRUARY 2025.

BY: _____
PETER VICTOR AYIKA
Fed Reg. 33042280
Federal Correctional Institution
P.O. Box 9000
Safford, AZ 85548

CERTIFICATE OF SERVICE

This certies that the foregoing Writ of Habeas Corpus under U.S.C. § 2241 motion was sent by fisrt class mail to United States Attorney at 405 W Congress St Suite 4800 Tucson, Arizona 85701

BY: _____
PETER VICTOR AYIKA
Fed Rgeg. NO. 33042280
Federal Correctional Institution
P.O.Box 9000
Safford Arizona 85548